## Lazar Estate (No. 2)

*Fox, Rothschild, O'Brien & Frankel,* for petitioner.
*Brown, Brown & Wieland,* contra.

Before KLEIN, P. J., BOLGER, LEFEVER, SAYLOR, SHOYER and BURKE, JJ.

KLEIN, P. J., November 5, 1965.—On April 9, 1965, Susan R. Simon filed the present petition asking for a citation directed to Joseph C. Chapman, executor of the will of Lena G. Lazar, deceased, to show cause why he should not be removed from his office as executor, why the letters testamentary should not be vacated, and why he should not be ordered to file an account.

Preliminary objections were filed by the executor which were dismissed by decree dated May 18, 1965. A responsive answer containing new matter was then filed. Petitioner filed a reply to new matter. Thereupon, on July 12, 1965, respondent-executor filed a motion for judgment on the pleadings.

On September 27, 1965, the executor filed his first account, the audit of which is now pending in the court. This account reflects a balance of principal of $523,-391.37.

Simultaneously with her efforts to have Joseph C. Chapman removed as executor, petitioner is attacking the validity of the will of January 18, 1965, under which he is serving.

We have this day entered a decree sustaining preliminary objections filed to the petition for a citation to show cause why the decree of probate should not be set aside, with leave for petitioner to file an amended petition within 30 days.

In view of the present state of this record, we are of the opinion that no useful purpose will be served by passing on the question whether the executor should be removed at this time. Disposition of this question will await further developments in the d.v.n. proceedings.

Without in any manner attempting to prejudge the

merits of the contentions of the parties to this litigation, it would appear that serious wrongdoing may have taken place if petitioner's allegations can be substantiated. We are concerned because the executor, in his account which was filed after the petitions to remove him from office and to set the will aside were filed, takes credit for his compensation and counsel fees in an amount totalling $61,792.27. He has taken five percent on the principal sum of $585,845.33 or $29,292.27, for his services as executor. This is almost twice the amount which an approved corporate fiduciary would ordinarily charge for acting as executor in an estate of this size in which no trusts are created.

We are not suggesting that the amounts of these credits are not fair and proper. We do believe, however, that during the pendency of these proceedings, in which the conduct and integrity of the parties are being questioned, it would have been wiser and in better taste to have deferred these payments until the termination of this litigation, so that the court would be in a better position to pass upon their propriety after ascertaining fully the attending factual picture.

We have learned from our experience over the years that in cases such as this, where an executor has a large estate in his keeping and has not entered security, the ends of justice are best served and the rights of all of the interested parties are better safeguarded by requiring him to enter security pending the outcome of litigation such as this.

Accordingly, we enter the following

### DECREE

And now, November 5, 1965, Joseph C. Chapman, executor under the probated will of Lena G. Lazar, deceased, is ordered and directed to enter a bond, with corporate surety, in the amount of $750,000, within 15 days from this date.